IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lorna Auston,                          :
                    Appellant         :
                                       :
            v.                         :   No. 1842 C.D. 2019
                                       :   Submitted: December 7, 2020
County of Northampton                  :
Tax Claim Bureau                       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE J. ANDREW CROMPTON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  January 12, 2021


        Lorna Auston (Owner) appeals a December 3, 2019 Order of the Court of Common Pleas of Northampton County (trial court) denying the Exceptions to Upset Tax Sale (Exceptions) filed by Owner on September 25, 2018.  Owner is the record owner of 119 South 10th Street, Easton, Northampton County, Pennsylvania (the Property), which is the subject of this appeal.  Owner asserts that the trial court erred in refusing to invalidate the upset tax sale of the Property for Owner's failure to pay yearly school taxes for 2016-2017.  Owner argues that because she paid her 2017-2018 school taxes directly to Easton Area School District prior to the upset tax sale, sale of the Property was invalid.  The County of Northampton Tax Claim

_____

[1] The decision in this case was reached prior to January 4, 2021, when Judge Brobson became President Judge.

Bureau (TCB) contends that Owner failed to pay her 2016-2017 school taxes, and therefore, the trial court correctly refused to invalidate the upset sale of the Property. Upon consideration, we affirm the decision of the trial court.

## I. Background

Owner currently resides at 916 Walnut Street, Easton, Pennsylvania. Reproduced Record (R.R.) at 14a, 24a-25a, 32a. Prior to the tax sale at issue in this case, Owner directed that all tax notices be sent to her home address rather than to the Property. *Id*. at 24a-25a, 32a. According to Owner, the Property has an estimated value of $60,000 and is not subject to a mortgage. *Id*. at 15a.

In December 2017, the TCB notified Owner by mail of delinquent 2016-2017 school taxes for the Easton Area School District in the amount of $1,849.33. *Id*. at 17a-18a. Owner had previously mailed a tax check to Berkheimer Tax Collections in November 2017, but that sum was applied to the 2017-2018 school taxes for the Property. *Id.* Owner alleges that she was not aware that she had paid a more recent bill while leaving the previous 2016-2017 bill delinquent.

The Northampton County Revenue/TCB Supervisor, Cindy Hoffer, testified before the trial court on May 7, 2019, that on May 16, 2017, she attempted to advise Owner of her tax delinquency through a Notice of Return and Claim sent to Owner at her home address via certified mail. *Id.* at 11a, 33a-34a, 59a. Within the Notice of Return and Claim, the TCB advised Owner that her 2016-2017 taxes for the Property were delinquent in an amount totaling $1,849.33 and that if the taxes remained unpaid, the Property would be sold to pay the taxes. *Id.* at 59a. Ms. Hoffer further testified that the Notice of Return and Claim was unclaimed, but it was not returned to the TCB in sufficient time to post it on the Property as a first initial delinquent notice. *Id.* at 33a.

2

Ms. Hoffer further testified that on December 8, 2017, the TCB mailed a reminder notice via regular mail to Owner at her home address. *Id.* at 34a. The reminder notice was also returned to the TCB as undeliverable. *Id.* In July 2018, per Ms. Hoffer's testimony, following a "waiting period," the TCB mailed a notice of public tax sale to Owner via restricted certified mail. *Id.* at 35a. Owner signed and returned the notice to the TCB, thereby acknowledging her receipt of the notice. *Id.* at 35a-36a. Additionally, the TCB advertised Notice of Upset Sale in the Morning Call on August 15, 2018, in the Northampton County Reporter on August 16, 2018, and in the Easton Express, also on August 16, 2018. *Id.* at 37a-38a.

On August 11, 2018, the TCB posted a notice of tax sale on the Property. *Id.* at 36a. The notice indicated that the Property was scheduled for tax sale on September 25, 2018. *Id.* Owner asserts, and Ms. Hoffer's testimony confirms, that Owner appeared at the TCB office in Northampton County on August 23, 2018, to inquire about delinquent taxes on two properties, including the Property. *Id.* at 38a-39a. While Owner entered into a payment agreement for tax delinquency to avoid upset sale, this agreement did not concern the Property at issue in this appeal, but instead, Owner's property at 137 South 10th Street, Northampton County. *Id.* at 39a.

Ms. Hoffer explained before the trial court that while Owner indicated that she paid school taxes for 2017-2018 directly to the Easton Area School District, the TCB would not possess a record of this transaction as current bills are sent by the school district. *Id.* at 40a. In the case of delinquency, as with Owner's 2016-2017 school taxes for the Property presently at issue, the school district notifies the TCB to begin the upset tax sale process from notice through sale. *Id.* at 41a. Therefore, as the Easton Area School District notified the TCB that Owner was

delinquent on her 2016-2017 school taxes, the Property was sold at the upset tax sale for $14,000 on September 25, 2018. *Id.*

On October 30, 2018, Owner filed Exceptions to the upset tax sale. A trial was held on the matter before the trial court on May 7, 2019, and the trial court denied Owner's Exceptions on December 3, 2019. Owner now appeals to this Court.[2]

## II. Discussion

Owner asserts that the trial court erred in denying her Exceptions and declining to invalidate the upset tax sale of the Property. Owner argues that because she was not aware that her tax payment was applied to school taxes owed in 2017-2018, not the 2016-2017 delinquent school taxes, and she believed that she paid the delinquent taxes, the tax sale is invalid. Further, Owner avers that the TCB was required to apply her payment to the 2016-2017 delinquent school taxes instead of her 2017-2018 school tax balance.

The TCB notes that throughout the upset tax sale process for the Property, it complied fully with the Real Estate Tax Sale Law (RETSL),[3] and importantly, Owner does not challenge the TCB's compliance with the RETSL, including its notice provisions.[4] Instead, Owner bases her argument that the trial court erred in upholding the upset tax sale solely in the TCB having a duty to apply

---

[2] Our review in a tax sale case is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Montgomery Cnty. Tax Claim Bureau v. Queenan*, 108 A.3d 947 (Pa. Cmwlth. 2015).

[3] Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

[4] *See* 72 P.S. §§5860.602(a), 5860.602(e)(1), & 5860.602(e)(3) (concerning advertising, notice, and posting requirements for upset tax sales).

4

her payment for the 2017-2018 school taxes to her delinquent school taxes for 2016-2017. While Owner acknowledges in her brief that she is unaware of any Pennsylvania case law that puts forward this argument, Owner asks this Court to interpret the factual situation at issue in this case in keeping with the "commercial world" of creditors and debtors. Owner's Br. at 9.

In articulating her argument, Owner relies almost exclusively on the "*Pardee* principle," so called for the 1886 Pennsylvania Supreme Court decision in *Pardee v. Markle*, 5 A. 36, 111 PA. 548 (1886). Owner's Br. at 11. In *Pardee*, a partner in a firm wrongly appropriated money from the firm after having been indemnified by another partner. The misappropriating partner subsequently made partial payments to the firm, but without specification as to which funds, the indemnifying partner's or more generally, the firm's, the repayments should apply. *Id.* The *Pardee* Court observed that credits will ordinarily be applied to the discharge of the oldest debt, and in following this principle, held that the repayments should be applied in the chronological order of the wrongful withdrawals or overdrafts made. *Id.* at 41.

Owner asks that this Court apply *Pardee* to the present case to determine that the TCB should have applied payments made on the Property to the earliest debt, the 2016-2017 delinquent school taxes, as opposed to the 2017-2018 school taxes. Then, according to Owner, the upset tax sale must be invalidated because the basis for sale, the 2016-2017 delinquency, would not exist. However, nothing within prior case law or relevant statutory provisions indicates that this Court has the authority, or should assume the authority, to overturn the upset tax sale at issue in this case by applying the so-called "*Pardee* principle."

"[I]t is a general rule in Pennsylvania that where a debtor owes more than one debt to a creditor, the debtor has the first right to specify the particular debt to which a payment is to be applied." *UHL Constr. v. Fid. & Deposit Co.*, 538 A.2d 562, 565 (Pa. Super 1988). By this principle, it is conceivable that Owner could choose to direct her payment to either outstanding tax bill. However, in this case, the TCB asserts that it did not make such a choice, thereby depriving Owner of her right to choose, but instead, Owner herself directed payment to apply to her 2017-2018 school taxes. Owner returned a check for the exact amount of the 2017-2018 taxes due to Berkheimer Tax Collections with a copy of the 2017-2018 tax bill.

The trial court agreed, finding that "[n]othing in the [2017-2018 payment] receipt suggested that [Owner]'s payment of $1,883.18 had been applied to the delinquent 2016 taxes rather than the 2017 taxes specified in the receipt." Tr. Ct. 1925(a) Statement, 03/02/2020, at 5; R.R. at 61a. At trial on May 7, 2019, Owner testified before the trial court that "[Easton Area School District] sen[t] me a letter with . . . an envelope to send it back. So I just wrote them a check and sen[t] it to them." R.R. at 17a. The trial transcript further provides:

> Owner's Counsel: Okay. And I'm showing you what's -- a stamp that appears to say, Paid, Berkheimer Tax -- I guess that's Berkheimer Tax Collections, and it says 11/16/17. Did you mail it to Berkheimer?
> Owner: Yes.
> Owner's Counsel: And you received this copy back in the mail?
> Owner: Yes.
> Owner's Counsel: How much is the amount that you paid on that day?
> Owner: This one says $1,883.18.
> Owner's Counsel: And that appears to represent both school real estate tax for 2017/2018 and something called school public library tax. [. . .]
> Owner: Uh -huh.

R.R. at 17a. Therefore, the documentation accompanying Owner's returned payment clearly indicated collection of the 2017-2018 school taxes for the Property.

6

Nothing provided within the 2017-2018 tax bill indicated that payment would instead be applied to the 2016-2017 school tax delinquency for the Property. Thus, as determined by the trial court, Owner was aware, or should have been aware, that her payment applied to her 2017-2018 school taxes for the Property.

However, regardless of Owner's belief, Owner asks that this Court recognize a duty for the TCB to apply the 2017-2018 payment to the 2016-2017 tax delinquency on the Property. *See generally Pardee.* Not only does this request overlook the logistical reality that the TCB was not involved in the receipt of the 2017-2018 payment, but rather Easton Area School District, it also imposes requirements on the TCB outside of the RETSL. The TCB contends that the parties' respective rights and obligations are governed by the RETSL and as the trial court noted, it cannot "disrupt those rights and obligations to assist a party who has failed to use the protections available under the regulatory scheme." Tr. Ct. 1925(a) Statement, 03/02/2020, at 27 (citing *First Fed. Sav. & Loan v. Swift*, 321 A.2d 895, 898 (Pa. 1974)). We agree with the trial court's determination.

In *First Federal Savings and Loan*, the Pennsylvania Supreme Court recognized that it lacks the power to modify the comprehensive legislative scheme of the RETSL by creating a new provision, such as the additional duty on the TCB that Owner requests. *See* 321 A.2d at 898. "Where, as here, the parties' rights are regulated and fixed by a comprehensive scheme of legislation, the maxim 'equity follows the law' is entitled to the greatest deference." *First Fed. Sav. & Loan*, 321 A.2d at 898. In the present case, the trial court correctly found that the RETSL does not contain a provision that would require the TCB to automatically apply a property owner's tax payments first to delinquent taxes, satisfying the oldest outstanding balance prior to current taxes. Further, the TCB did not make any misrepresentations

7

to Owner that it would adopt this procedure beyond its existing upset tax sale requirements as outlined in the RETSL.

"[The Commonwealth] Court's scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence." *In re Tax Sale of Real Prop. Situated in Jefferson Twp.*, 828 A.2d 475, 478 n.6 (Pa. Cmwlth. 2003), *aff'd*, 859 A.2d 473 (Pa. 2004); *accord In re Consol. Rep. & Return By Tax Claim Bureau of Northumberland Cnty.*, 132 A.3d 637, 643 n.2 (Pa. Cmwlth. 2016); *Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006). "The trial court, as the finder of fact, has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented." *Rice v. Compro Distrib.*, 901 A.2d at 574. As the trial court provided evidence from which reasonable inferences can be drawn in deciding that it lacked the authority to reimagine the RETSL to include additional provisions imposing a further duty on the TCB, the trial court did not commit an error of law in denying Owner's Exceptions and upholding the upset tax sale of the Property.

### III.    Conclusion

For the foregoing reasons, we affirm the Order of the trial court.

_____
J. ANDREW CROMPTON, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lorna Auston,                          :
                  Appellant  :
                          :
        v.                     :    No. 1842 C.D. 2019
                          :
County of Northampton                  :
Tax Claim Bureau                       :

**O R D E R**

      **AND NOW**, this 12th day of January 2021, we **AFFIRM** the Order of the Court of Common Pleas of Northampton County.

                              _____
                              J. ANDREW CROMPTON, Judge